```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOU CIRINO,                          :
                                     :    CIVIL ACTION
          Plaintiff,                 :
                                     :
     vs.                             :
                                     :    NO. 13-CV-4800
L. GORDON HOLDINGS, INC.,            :
d/b/a HOODZ OF NORTHWEST             :
PHILADELPHIA AND SOUTHEASTERN        :
MONTGOMERY COUNTY and                :
LARRY GORDON                         :
                                     :
          Defendants.                :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                          **June 24, 2014**

Before this Court are Defendants' Motion for Summary Judgment (Doc. No. 13) and Plaintiff's Response in opposition thereto (Doc. No. 14). For the reasons set forth in this Memorandum, the Court grants the Defendants' Motion for Summary Judgment and orders this matter to proceed to arbitration.

### I. Factual and Procedural history

This case arises from an employment agreement between Plaintiff Lou Cirino ("Plaintiff") and Defendant L. Gordon Holdings, Inc. ("Defendant Entity"), which is owned by Defendant Larry Gordon. Plaintiff worked as a technician for the Defendant Entity starting on or about September 11, 2011. On or about September 27, 2011, Defendant Gordon approached Plaintiff with an employment agreement which contained an arbitration policy addendum. The Defendants' arbitration policy stated that per the Federal Arbitration Act, "any controversy or claim relating to

employment, termination of employment, employee benefits, or employment agreement and any amendments to any of the foregoing, federal, state, or local law would be settled by binding arbitration." Additionally, the arbitration policy states that the arbitrator cannot award punitive damages, that the arbitrator will decide the statute of limitations, and that the arbitration fees will be split equally amongst the parties. Plaintiff, after receiving the employment agreement and the arbitration policy, and having time to look over both documents, signed the documents and returned them to Defendant Gordon.

On April 18, 2013, Plaintiff's employment was terminated by Defendant Gordon, which triggered the Plaintiff filing the current lawsuit. Plaintiff alleges that the Defendants unlawfully subjected him to discriminatory treatment based on his race and that he was ultimately terminated by Defendants due to his race in violation of 42 U.S.C. § 1981. Defendants filed a Motion to Dismiss Plaintiff's Complaint arguing that the Court lacked subject matter jurisdiction to hear this case as the parties had agreed to use arbitration to resolve employment disputes and thus this case must be submitted to an arbitrator. (Doc. No. 8) This Court denied the Defendants' motion, but allowed the Defendants to re-raise the matter regarding the arbitration provision by filing a motion for summary judgment after discovery was taken. (Doc. No. 12)

Defendants have now re-raised the issue arguing that this matter should be submitted to arbitration. According to Defendant Gordon, the Plaintiff was presented with the employment agreement and arbitration policy, the Plaintiff voluntarily signed and returned both documents. Plaintiff asserts that he did not voluntarily sign the employment agreement and the arbitration policy, but was obligated to do so by Defendant Gordon in order to continue his employment. Plaintiff asserts that he had no choice but to sign the Defendants' arbitration policy as he was (and remains) financially destitute and desperately needed work and money.

Moreover, since being terminated, the Plaintiff has been unable to secure employment elsewhere and has asserted that he does not have money to afford basic living expenses.

Plaintiff contends that the arbitration policy should not be enforced because it is both procedurally and substantively unconscionable as he was compelled to agree to sign it because of his need for money and work and that additionally, the terms of the arbitration policy are harsh and favor Defendants. The Defendants have moved for summary judgment asserting that the arbitration policy was voluntarily agreed to by Plaintiff and that the policy is valid in view of the doctrine of unconscionability. We agree.

## **II. Standard of Review**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In conducting our review, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 535 (3d Cir. 2007); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the non-moving party cannot rely on "bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F. 3d 584, 594 (3d Cir. 2005). When the non-moving party is the plaintiff, he must "make a showing sufficient to establish the existence of [every] element essential to [his] case and on which [he] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The plaintiff must "go beyond the pleadings and present evidence, through affidavits, depositions, or admissions

4

on file, to show that there is a genuine issue for trial. Gallashaw v. City of Phila., 774 F. Supp. 2d 713, 715 (E.D.Pa. 2011) (citing Celotex, 477 U.S. at 324).

### III. Discussion

The question here is whether the parties' employment dispute should be resolved by an arbitrator rather than this Court, as the arbitration policy in the parties' employment agreement instructs. The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, codifies Congress' desire to produce prompt and fair dispute resolution without involving the courts. Federal policy strongly favors arbitrating disputes rather than using the court system. Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009). It is undisputed that after the Plaintiff began working for Defendant, he was presented with an employment agreement containing an arbitration policy which he signed and returned. Again, the arbitration policy signed by the Plaintiff specifically states:

> In accordance with the Federal Arbitration Act, any controversy or claim relating to employment, termination of employment, employee benefits, or employment agreement and any amendments to any of the foregoing, federal, state, or local law would be settled by binding arbitration.

Thus, the Defendants' employment policy is to resolve disputes regarding termination of employment in accordance with the Federal Arbitration Act and not through court proceedings. Since

5

the Plaintiff signed the arbitration policy and the arbitration policy is a valid contract, except for the two provisions severed by this Court, Defendants' summary judgment motion shall be granted and this matter shall proceed to arbitration.

    A.    <u>The Defendants' Arbitration Policy Is Covered Under The Federal Arbitration Act And 42 U.S.C. § 1981 Violations May Be Arbitrated.</u>

Since the issue here is regarding an arbitration policy, the Federal Arbitration Act is controlling. <u>See, Quilloin v. Tenet HealthSystem Philadelphia, Inc.</u>, 673 F.3d 221, 228 (3d Cir. 2012). The U.S. Supreme Court has held that the Federal Arbitration Act applies to all arbitration agreements involving interstate commerce, including employment contracts. <u>See, Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Additionally, statutory claims may be arbitrated unless Congress has expressly intended to preclude arbitration of the statutory issues. <u>See, Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 26, 111 S.Ct. 1647, 1652, 114 L.Ed.2d 26 (1991). The burden is on the party seeking to avoid arbitration to demonstrate Congress' intent to preclude arbitration for the statutory issue. <u>Id.</u> The statute at issue here, 42 U.S.C § 1981, was amended in 1991 to include the following precatory language:

> "[w]here appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including

> settlement negotiations, conciliation, facilitation, mediation, fact finding, mini trials, and arbitration, is encouraged to resolve disputes arising under the Acts or provisions of Federal law amended by this title."

See, Underwood v. Chef Fransico/Heinz, 200 F. Supp. 2d 475, 478 (E.D.Pa. 2002)(citing, Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071.). The text of this section "evinces a clear Congressional intent to encourage arbitration of" federal discrimination claims, including those under § 1981. Seus v. John Nuveen & Co., 146 F.3d 175, 182 (3d Cir. 1998).

Notwithstanding the 1991 amendment, Plaintiff asserts that arbitration denies his right to have his case heard in federal court, the typical and designated forum under 42 U.S.C. § 1981, and in front of an impartial judge. (Plaintiff's opposition, p. 13 (Doc. No. 14)). It is therefore incumbent upon Plaintiff to demonstrate Congress' intent to preclude arbitration for the statutory issue. However, Plaintiff has failed to demonstrate that his 42 U.S.C. § 1981 claim cannot be handled by an arbitrator and has failed to demonstrate an arbitrator would not be an impartial

steward of the case.[1] Thus, Plaintiff's statutory claims under 42 U.S.C. § 1981 are appropriate for arbitration.

    B.    <u>Doctrine Of Unconscionability.</u>

Plaintiff alternatively asserts that the Defendants' arbitration policy is unconscionable in its entirety and thus should not be enforced. In accordance with the Federal Arbitration Act, the Court must honor agreements made between parties to arbitrate their conflicts and issue an order compelling arbitration unless the agreement is seriously problematic. <u>Brentwood Medical Associates v. United Mine Workers of America</u>, 396 F.3d 237, 239 (3d Cir. 2005). To determine if an arbitration agreement is seriously problematic under the Federal Arbitration Act, arbitration agreements are interpreted and construed under contract law. 9 U.S.C.A. § 2 (West 2014). Thus, the federal courts look to the relevant state law regarding contracts to determine if a valid agreement exists. <u>Spinetti v. Service Corp. Int'l.</u>, 324 F.3d 212, 214 (3d Cir. 2004). Pennsylvania favors enforcement of arbitration agreements unless a contract defense, such as unconscionability, invalidates the arbitration agreement. <u>Kaneff v. Delaware Title Loans, Inc.</u>, 587 F.3d 616, 624 (3d Cir. 2009).

---

[1] 42. U.S.C. § 1981 does not restrict the appropriate forum to adjudicate the statutory violations. Alternative means of dispute resolution, such as arbitration, are appropriate unless Plaintiff can show otherwise. Plaintiff's assertion, without providing further evidence or legal support, does not demonstrate that arbitration would be inappropriate here.

Under Pennsylvania law, the doctrine of unconscionability contains both procedural and substantive elements. Salley v. Option One Mortg. Corp., 592 Pa. 323, 925 A.2d 115, 119 (2007). "Procedural unconscionability pertains to the process by which an agreement is reached and the form of an agreement, including the use therein of fine print and convoluted or unclear language." Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir. 1999). Substantive unconscionability refers to "terms that unreasonably favor one party to which the disfavored party does not truly assent." Id., at 179.

The burden to demonstrate the elements of unconscionability is on the party asserting the defense of unconscionability. See, Id., at 181 (interpreting Pennsylvania contract law). To prevail on an unconscionability defense, a party asserting unconscionability must show both procedural and substantive unconscionability. Parilla v. IAP Worldwide Servs., VI, Inc., 368 F.3d 269, 276 (3d Cir. 2004); Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 265 (3d Cir. 2003).[2]

---

[2] Plaintiff relies on the Third Circuit's opinion in Alexander, where the court found an arbitration policy to be unconscionable due to the excessive bargaining power and the terms of the arbitration policy. Id., at 270. However, in Alexander, the employer was a multi-national corporation with excessive bargaining power over two employees who were merely equipment operators. Id. Here, Defendant Gordon is a mere franchisee owner of the business Hoodz, which is a local business limited in territory. (Doc. No. 14-6, pp. 7-12). In addition, Defendant Gordon purchased his Hoodz franchise in 2011 and

1. <u>Procedural Unconscionability.</u>

Plaintiff has demonstrated that a genuine issue of material fact exists as to whether Defendants' arbitration policy was a contract of adhesion and we therefore find that Plaintiff has met his burden of showing procedural unconscionability. Specifically, a contract of adhesion, where one party has excessive bargaining power over the other party and offers the contract on a take-it-or-leave-it basis may be procedurally unconscionable. <u>See, Alexander</u>, 341 F.3d at 265. Excessive bargaining power has been found where an employment agreement compels minimally-educated workers who have very limited options for other employment to accept an arbitration policy as a condition of employment. <u>Id.</u>, at 266.

Plaintiff testified at his deposition that he was given an ultimatum by Defendant Gordon: that he either sign the arbitration policy or discontinue working for the Defendant Entity. (Plaintiff's opposition, p. 9 (Doc. No. 14)). Plaintiff further asserts that as he was in dire need of money and a job, he had no choice but to sign the policy. (<u>Id.</u>, at pp. 9-10). Plaintiff stated that prior to being employed by the Defendant Entity, he worked on an "on-call" basis for Hoskins Cleaning Services and would work once every six months at a time, and therefore badly

---

currently has two (2) employees. (Doc. No. 14-6, pp. 10-11). Therefore, this action is starkly different from <u>Alexander</u> where the employer was a large international corporation.

needed the job with Defendants. (Id., at p. 10) Additionally, Plaintiff testified that he is a laborer of limited education whereas Defendant Gordon is the president/owner of the Defendant Entity and in control of employment and thus had a superior bargaining position. (Id.). Therefore, due to the take-it-or-leave-it nature by which Defendants' arbitration policy was presented, Plaintiff had no choice but to accept these terms. For summary judgment purposes, Plaintiff has met his burden of demonstrating a genuine issue of material fact as to whether the Defendants' arbitration policy was a contract of adhesion. We therefore find the agreement between the parties to be procedurally unconscionable.

    2.   Substantive Unconscionability

Although Plaintiff has met his burden of showing procedural unconscionability, he cannot prevail unless he also demonstrates that the agreement is substantively unconscionable. Tomcykoski v. Continuing Care RX, Inc., 2009 WL 1816953, at *5 (M.D.Pa. 2009).

Plaintiff argues that Defendants' arbitration policy is substantively unconscionable as it fails to identify the statutory claims it covers, alters the statute of limitations, precludes awards of punitive damages, and forces Plaintiff to equally share the costs of arbitration. (Plaintiff's opposition, p. 11 (Doc. No. 14)). We find Plaintiff's arguments regarding the statutory claims that the Defendants' arbitration policy covers and the altering of

11

the statute of limitations to be unpersuasive. However, Plaintiff has demonstrated that the preclusion of punitive damages and the requirement that arbitration costs be split could prejudice his rights. Therefore, these provisions shall be severed from the Defendants' arbitration policy.

### a. Failure to Mention § 1981

Plaintiff asserts that because the arbitration policy fails to specify that it covers statutory claims, litigating this action in front of an arbitrator would be substantively unconscionable. We disagree.

An arbitration agreement need not include every claim, but must include language that fairly informs the signatories of the statutory claims it covers. Hodges v. SCE Envtl. Grp., Inc., 2012 WL 1899669, at *3 (M.D.Pa. 2012). The Supreme Court has held that broad arbitration policies may cover statutory claims. Glimmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); See also, Underwood, 200 F. Supp.2d at 479 (finding plaintiff's section 1981 claims arbitrable where parties had agreed to arbitrate any discharge dispute but did not explicitly reference any statutory claims).

In this case, the arbitration policy provides that "any controversy or claim relating to.... termination of employment,... would be settled by binding arbitration." (Plaintiff's opposition, p. 14 (Doc. No. 14)). Plaintiff has brought suit against the

Defendants claiming his employment was terminated unlawfully in violation of 42 U.S.C. § 1981. A reading of the Defendants' arbitration policy would or should have put Plaintiff on notice that any controversy regarding termination of employment would be subject to arbitration. Thus, the Defendants' failure to specifically mention 42 U.S.C. § 1981 in its arbitration policy does not invalidate the arbitration policy.

### b. Statute of Limitations

Plaintiff additionally argues that the statute of limitations period in the Defendants' arbitration policy inappropriately limits the statute of limitations period to the discretion of the arbitrator. (Plaintiff's opposition, p. 15 (Doc. No. 14)). Plaintiff asserts that the statute of limitations for 42 U.S.C. § 1981 claims are four (4) years and thus the Defendants' arbitration policy severely undermines an employee's ability to bring a discrimination claim. (Id.) We disagree.

The Third Circuit Court of Appeals has held that an arbitration policy may alter the limitation period to assert a claim, as long as the alteration is reasonable. Alexander, 341 F.3d at 266 ("We recognize that a provision limiting the time to bring a claim or provide notice of such a claim to the defendant is not necessarily unfair or otherwise unconscionable. But such a time period must still be reasonable.") In Alexander, the statute of limitations for the claim in the arbitration agreement was

altered to thirty days which the court found significantly advantaged the employer. Id., at 267. However, in Hodges, the court found that an arbitration agreement that altered the statutory period for a 42 U.S.C. § 1981 claim to a one-year statute of limitation period was reasonable. Hodges, at *4.

Therefore, since the Defendants' arbitration policy does not contain any limits on the statute of limitations period for an employee to bring an employment related action, we find no merit to the Plaintiff's claim that the arbitration agreement improperly alters the limitations period. In accordance with Hodges, a one-year statute of limitations period for 42 U.S.C. § 1981 claims is reasonable, and since the Plaintiff filed this action within one-year of his termination of employment, there should be no issue regarding the statute of limitations.

c.   Preclusion of Punitive Damages.

Plaintiff asserts that the Defendants' arbitration policy denying the award of punitive damages is fundamentally unfair and compromises Plaintiff's rights under 42 U.S.C. § 1981. Since § 1981 claims do allow an award of punitive damages, the provision denying the arbitrator from awarding punitive damages shall be severed from the agreement.

42 U.S.C. § 1981 claims allow the awarding of punitive damages when an employee demonstrates that an employer has engaged in intentional discrimination "with malice or with reckless

indifference to [the employee's] federally protected rights." McFadden v. Biomedical Sys. Corp., 2014 WL 80717 (E.D.Pa. 2014). The full range of a litigant's statutory rights remain available in arbitration proceedings. Johnson v. West Suburban Bank, 225 F.3d 366, 373 (3d Cir. 2000). Arbitration policies that include provisions that exclude or limit the availability of punitive damages are unenforceable and those provisions may be severed. See, Booker v. Robert Half Int'l, Inc., 315 F. Supp. 2d 94, 104 (D.D.C. 2004) aff'd, 413 F.3d 77 (D.C. Cir. 2005).

As the Restatement (Second) of Contracts explains, where aspects of an agreement are unenforceable, "a court may nevertheless enforce the rest of the agreement in favor of a party who did not engage in serious misconduct if the performance as to which the agreement is unenforceable is not an essential part of the agreed exchange." Restatement (Second) of Contracts § 184(1); See also, Nino v. Jewelry Exchange, Inc., 609 F.3d 191, 206 (3d Cir. 2010) (noting well-settled law allows courts to sever provisions of an arbitration agreement after an examination of the entire agreement). In Spinetti, the Third Circuit held that under Pennsylvania law, terms that "offended" federal statutes and case law should be severed rather than voiding the entire agreement. Id., 324 F.3d at 213, 220.

Plaintiff has alleged a 42 U.S.C. §1981 violation against the Defendants. Punitive damages are recoverable under 42 U.S.C.

§1981a(b)(1) by the complaining party against the respondent. Defendants' arbitration policy denies Plaintiff his ability to recover punitive damages in accordance with 42 U.S.C. §1981a(b)(1) and effectively denies Plaintiff his full range of statutory rights under 42 U.S.C. § 1981. Therefore, the provision denying the arbitrator the ability to award punitive damages shall be severed from the Defendants' arbitration policy and the arbitrator may award punitive damages if they deem it appropriate under 42 U.S.C. § 1981.

        d.   <u>Costs of the Arbitration.</u>

Plaintiff asserts that Defendants' arbitration policy requiring the parties to split arbitration fees is substantively unconscionable as Plaintiff has no money to afford the costs of arbitration. Plaintiff's arguments are persuasive and we shall order the provision requiring the parties to split arbitration fees to be severed from the Defendants' policy.

Arbitration costs are directly related to a litigant's ability to pursue a claim and, as the U.S. Supreme Court has recognized, "the existence of large arbitration costs could preclude a litigant from effectively vindicating her statutory rights in the arbitral forum." <u>Blair v. Scott Specialty Gases</u>, 283 F.3d 595, 605 (3d Cir.2002), quoting <u>Green Tree Fin. Corp.-Alabama v. Randolph</u>, 531 U.S. 79, 90, 121 S. Ct. 513, 521(2000). If the Court finds a particular provision in an arbitration policy is

contrary to federal statute, such as a fee-splitting provision, the Court may sever that portion of the arbitration policy rather than invalidating the arbitration policy. See, Hodges, at *6 (citing Spinetti, 324 F.3d at 215.). The burden is on the party seeking to invalidate the agreement to establish that splitting the costs of arbitration are prohibitively expensive. Id., at 216.

In Hodges, the court faced a similar dispute as here, where an employee filed a 42 U.S.C. § 1981 claim against an employer regarding unlawful termination of employment. Id., at *5. The employment agreement in that case contained an arbitration policy requiring the parties to share the costs of the arbitrator equally. Id. The terminated employee asserted that the costs of an arbitrator were prohibitively expensive and thus the arbitration agreement should be terminated. Id. The terminated employee submitted a certification asserting that he was financially destitute, that he had not been able to find employment since being terminated, and could not afford the costs for an arbitrator. Id. The court declined to terminate the agreement, but, due to the financial hardships the terminated employee asserted, severed the fee splitting portion of the arbitration policy. Id.

The Defendants' arbitration policy is similar to the policy in Hodges, as the Defendants' arbitration policy states that the arbitration fees will be split equally between the parties.

17

(Plaintiff's opposition, p. 17 (Doc. No. 14)). Additionally, analogous to the terminated employee in Hodges, Plaintiff likewise asserts that splitting the arbitration fees will severely limit his ability to vindicate his rights as he is unable to afford the anticipated costs of arbitration. (Plaintiff's opposition, at pp. 17-18 (Doc. No. 14)). Also, similar to the terminated employee in Hodges, Plaintiff has submitted the "Certification of Lou Cirino" where he asserts that he "cannot pay additional money for arbitration" and would like to proceed with his claims but believes he cannot as he is financially unable to proceed if the arbitration policy is enforced. (Doc. No. 14-2, ¶¶ 23-24). Plaintiff states that since being terminated by the Defendant, he remains unemployed despite repeated attempts to obtain employment. (Id., ¶ 14). Plaintiff further attests that since being terminated, he has had great difficulty paying basic expenses and has approximately twenty ($ 20) dollars in his name. (Id., ¶¶ 18, 22). From this we conclude that Plaintiff cannot pay the costs of arbitration.

Therefore, as the court did in Hodges, the fee splitting provisions of the Defendants' arbitration policy will be severed, and the rest of the Defendants' arbitration policy, except for the punitive damages provision, is valid and enforceable.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to compel arbitration is granted. However, the portions of the Defendants' arbitration policy relating to the arbitrator's ability to award punitive damages and splitting arbitration fees are severed from the agreement. Plaintiff may recover punitive damages in accordance with 42 U.S.C § 1981, and Defendants shall pay all costs of arbitration, including the court reporter. Final responsibility for attorney's fees shall be determined in accordance with 42 U.S.C. § 1981.

An order follows.